UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLORENCE A. WILLMAN,           ) | |
|                                ) | |
|     Plaintiff,           ) | |
|                                ) | |
|   vs.                            ) | Case No. 4:09CV00009 ERW |
|                                ) | |
| WAL-MART STORES EAST, LP,      ) | |
|                                ) | |
|     Defendant.           ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Subsequent Injury [doc. #35]; Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Lawsuits [doc. #36]; Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Social Security Proceedings and Benefits [doc. #37]; Plaintiff's Motion in Limine to Exclude Evidence of any Settlement Offers, Demands and the Transcription of Contacts Between Plaintiff and Defendant's Third Party Claims Administrator [doc. #38]; Plaintiff's Motion in Limine to Exclude Photographs and Testimony Regarding Photograph [doc. #39]; Plaintiff's Motion in Limine to Exclude Evidence of Payment of Any Portion of Plaintiff's Medical Bills by a Collateral Source and for Determination of Value of Medical Treatment [doc. #41]; Defendant's Motions in Limine [doc. #49]; and Defendant's Motion in Limine to Limit the Amount of Medical Bills Submitted as Damages at Trial [doc. #50]. The Court held a Pretrial Conference in this case on Friday, April 23, 2010, and the Parties addressed these pending Motions.

## I. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S SUBSEQUENT INJURY

Plaintiff seeks to exclude evidence of Plaintiff's subsequent injury, specifically evidence that she broke her fifth toe subsequent to the incident in question. Plaintiff argues that this evidence is irrelevant and is highly prejudicial. She also asserts that it would confuse and mislead the jury. Defendant opposes this Motion, arguing that the evidence is relevant to establish Plaintiff's level of activity after the injury at issue in this case, and to demonstrate that some or all of the restriction in Plaintiff's activities cannot be attributed to the injury at issue.

The Court will reserve ruling on this Motion until evidence regarding Plaintiff's injury and the period of her recovery is heard. If the Court determines that the subsequent injury delayed Plaintiff's recovery or exacerbated her index injury, then the Court may allow the evidence to be heard.

## II. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR LAWSUITS

Plaintiff seeks to exclude evidence of Plaintiff's prior lawsuits, none of which involved personal injury claims. Plaintiff argues that this evidence would be unfairly prejudicial because the prior lawsuits are irrelevant and there is no evidence that they were fraudulent. Defendant does not oppose this Motion. Because the Parties agree that evidence of Plaintiff's prior lawsuits should be excluded, Plaintiff's Motion will be granted.

## III. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR SOCIAL SECURITY PROCEEDINGS AND BENEFITS

Plaintiff seeks to exclude evidence of Plaintiff's prior Social Security proceedings and benefits. Plaintiff argues that this evidence is irrelevant and would be highly prejudicial.

Defendant opposes this Motion, arguing that evidence of Plaintiff's pre-incident ability or inability to engage in physical activity is admissible to demonstrate that her current limitations are the result of her pre-incident disability.

The Court finds that the prior determination of disability with respect to Plaintiff is relevant to the jury's assessment of her injuries, and the extent to which the severity of the injuries from the accident are independent of preexisting conditions. As a result, Plaintiff's Motion will be denied.

## IV. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ANY SETTLEMENT OFFERS, DEMANDS AND THE TRANSCRIPTION OF CONTACTS BETWEEN PLAINTIFF AND DEFENDANT'S THIRD PARTY CLAIMS ADMINISTRATOR

Plaintiff seeks to exclude evidence of any settlement offers, demands, and the transcription of contacts between Plaintiff and Defendant's third party claims administrator. Plaintiff argues that offers of settlement are inadmissible to prove the invalidity of a claim or amount, so Defendant should be precluded from introducing evidence of Plaintiff's desires to settle the current dispute. In its Response, Defendant agrees that evidence of settlement discussions should be excluded, but argues that statements made by Plaintiff to the third party claims administrator regarding the circumstances of the incident and the nature and extent of injuries she sustained are admissible for impeachment purposes.

The Parties agree that evidence of settlement offers and discussions should be excluded, so the Motion will be granted as to this evidence. With respect to the transcription of contacts between Plaintiff and Defendant's third party claims administrator, the evidence will only be

admitted if Plaintiff's testimony at trial is inconsistent with the evidence contained in the transcription.[1]  Accordingly, Plaintiff's Motion will be granted, in part, and denied, in part.

## V. PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS AND TESTIMONY REGARDING PHOTOGRAPH

Plaintiff seeks to exclude photographs of the scene of the accident at issue that do not accurately depict the conditions on the day in question.  Plaintiff also seeks to exclude deposition testimony from Plaintiff and Ned Gregory regarding these photographs, arguing that Defendant had pictures that were taken on the day of the accident, and should have used these at the deposition.  Plaintiff argues that the photographs and testimony will mislead the jury and are irrelevant.  Defendant opposes this Motion, arguing that the differences between the photographs are minor, and that the requested relief is inappropriate because the testimony was not dependent on the photographs at issue.

The Court will allow the Parties to use one photograph that was taken after the day of the accident, in order to demonstrate the path that Plaintiff took from the Wal-Mart store to the parking lot area.  The Court notes that much of the confusion exhibited in the deposition transcript could have been avoided if Defendant produced the photographs taken on the day of the accident earlier.  Thus, as to the deposition testimony of Plaintiff and Ned Gregory that Plaintiff seeks to exclude, the Court grants Plaintiff's request.

---

[1] In the event that inconsistencies in Plaintiff's testimony require admission of the transcription of contacts between Plaintiff and Defendant's third party claims administrator, the Parties must be careful to avoid violating the collateral source rule by discussing Plaintiff's insurance coverage.

## VI. DEFENDANT'S MOTIONS IN LIMINE

Defendant's document number 49 includes numerous Motions in Limine. The first Motion, which seeks to limit the amount of medical bills submitted as damages at trial, is addressed in the subsequent section. Many of the Motions are no longer in dispute, as Plaintiff consented that the following should be excluded: 2) deposition testimony not previously disclosed by Plaintiff in her deposition designations; 3) Defendant's answers to Plaintiff's interrogatories; 4) witnesses other than those witnesses previously identified by Plaintiff as a witness who will or may be called at trial; 6) testimony that Defendant's associate saw Plaintiff's fall or any comment on this topic; 7) evidence of prior trip and fall incidents; 8) evidence of statements attributed to Defendant's co-manager Arthur Glimka and other associates; and 9) offers of settlement. The Court will thus grant each of these Motions. The only remaining issue is presented in the fifth Motion, in which Defendant seeks to exclude evidence of subsequent remedial measures. Plaintiff agrees that this evidence should be excluded, unless an exception is triggered by, for example, Defendant testifying that the bolt could not have been improved or made safer, or that the bolt was necessary. The Court agrees with Plaintiff, and will exclude evidence of subsequent remedial measures unless an exception is triggered.

## VII. MOTIONS REGARDING PLAINTIFF'S MEDICAL BILLS

The main dispute between the Parties is with respect to the value of the medical treatment that Plaintiff received. Plaintiff filed a Motion in Limine, seeking to exclude evidence of the payment of any portion of Plaintiff's medical bills by a collateral source, and requesting a determination of the value of her medical treatment. Defendant also filed a Motion in Limine on this topic, seeking to limit the amount of medical bills submitted as damages at trial to the amount

that was accepted in full satisfaction of the collective medical bills. Essentially, the dispute between Plaintiff and Defendant can be summarized as follows: Plaintiff believes that the value of the medical treatment she received is equal to the dollar amount for which she was *billed*, while Defendant believes that the value of the medical treatment Plaintiff received is equal to the dollar amount actually *paid* (by Plaintiff or her insurance company) in satisfaction of Plaintiff's medical bills, or the amount for which Plaintiff may become liable in the future to health care providers. The following chart sets forth the health care providers that treated Plaintiff, the amount billed by each of those providers, and the amount paid, or due to be paid, in satisfaction of Plaintiff's debt:

| **Health Care Provider** | **Amount Billed** | **Amount Paid/Due** |
| --- | --- | --- |
| St. Luke's Hospital | $5,842.96 | $1,039.00 |
| Dr. Jerome Piontek | $634.00 | $634.00 |
| Missouri Baptist Hospital | $5,950.04 | $1,200.00 |
| Dr. Stromberg | $1,869.00 | $1,869.00 |
| Olive Surgery Center | $3,930.00 | $260.00 |
| SSM St. Clare Health Center | $16,692.00 | $1,270.01 |
| Mid-West Podiatry | $3,017.00 | $3,017.00 |
| Woods Mill Orthopedics | $270.00 | $270.00 |
| Mid County Orthopaedic | $1,977.00 | $1,977.00 |
| St. John's Hospital | $2,277.00 | $2,277.00 |
| TOTAL | $42,459.00 | $13,813.01 |

Thus, Plaintiff's argument is that the value of the medical treatment that she received is $42,459.00; while Defendant argues that the value of Plaintiff's medical treatment is $13,813.01.

To resolve this controversy, the Court turns to the following Missouri statute:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that <u>the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered</u>. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
> > (a) The medical bills incurred by a party;
> > (b) The amount actually paid for medical treatment rendered to a party;
> > (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.
> 
> Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Mo. Rev. Stat. § 490.715.5 (emphasis added). Additionally, Mo. Rev. Stat. § 490.595.2 provides:

> Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

The Court must begin with the "rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered." Mo. Rev. Stat. § 490.715.5(2). It is important to note that the rebuttable presumption of Mo. Rev. Stat. § 490.715.5 may be challenged by either party. The "dollar amount necessary to satisfy the financial obligation to the health care provider" becomes the presumptive value of the treatment rendered, and includes sums paid by the patient, insurers, Medicare, and others obligated to provide services. A plaintiff may file affidavits challenging the rebuttably presumed value, and, if uncontroverted by the defendant, the medical charges may become the prima facie reasonable amount of treatment rendered. The defendant may challenge

7

or offer additional support for the "dollar amount necessary to satisfy the financial obligation to the health care provider" with affidavit testimony that amounts have been written-off and are no longer payable by the plaintiff, or those responsible to her for payment. A determination of the value of medical treatment, upon motion of any party, may be decided by the judge, outside the hearing of the jury.

In this case, Plaintiff submitted affidavits from representatives of the health care providers that treated Plaintiff. These affidavits set forth the amount charged for medical services, and state that those amounts were reasonable at the time and place that the service was provided. Plaintiff argues that "because the affidavits comply with [Mo. Rev. Stat.] § 490.595, the charges listed in the medical bills rebut the amount paid towards medical services per [Mo. Rev. Stat.] § 490.715." (Pl.'s Memo. in Support of Mtn., doc. #42, p.6). The Court agrees that the affidavits submitted by Plaintiff comply with Mo. Rev. Stat. § 490.595.2, and that the affidavits are therefore sufficient "to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." However, the Court does not agree with Plaintiff's argument that these affidavits automatically rebut the presumed value of medical treatment. Mo. Rev. Stat. § 490.595.2 merely provides that affidavits like those filed by Plaintiff are *sufficient* to support a court's determination that the amount billed for medical services is the reasonable value of medical treatment. The statute does not provide that affidavits like those filed by Plaintiff *require* a court to conclude that the amount billed for medical services is the reasonable value of medical treatment. Neither is Plaintiff's argument sound that Defendant must provide expert testimony that the medical bills submitted by Plaintiff are unreasonable. To the contrary, the amount of medical bills incurred by a party is only one of the factors that is relevant in determining the value

of the medical treatment rendered. Mo. Rev. Stat. § 490.715.5(2) specifically provides that, in making such a determination, a court can consider the medical bills incurred, the amount actually paid, and the amount that any party would be obligated to pay in the event of a recovery, in addition to the evidence supporting the rebuttable presumption. *See Berra v. Danter*, 299 S.W.3d 690, 697 (Mo. Ct. App. 2009) ("A 'rebuttable presumption' puts the burden of producing some substantial evidence on the party presumed against; but when substantial evidence is introduced, the presumption disappears, and the fact finder determines the issue by considering that evidence as well as the evidence that gave rise to the presumption.").

As directed by Mo. Rev. Stat. § 490.715.5(2), this Court has considered the affidavits filed by Plaintiff, which set forth the total amount of medical bills incurred by Plaintiff, and which declare those amounts to be reasonable. The Court also considered the affidavits filed by Defendant, which provide information regarding the amount actually paid for Plaintiff's medical treatment and the amount of the medical bills that were not paid, for which a party may be obligated to pay in the event of a recovery. Upon reviewing all of these affidavits, it is clear to the Court that the value of Plaintiff's medical treatment is equal to $13,813.01. While Plaintiff initially received bills totaling $42,459.00, four of her health care providers accepted payments from Plaintiff's insurer that were significantly less than the amount listed on Plaintiff's bills. These payments were made as a part of contractual agreements between Plaintiff's insurer and the four health care providers. These contracts provided that the reduced payment would be accepted as full payment for the medical services rendered by the health care provider. Because the $28,645.99 difference between Plaintiff's bills and her insurance payments has been contractually

cancelled, no one is obligated to pay this amount. It is not reasonable to conclude that the value of Plaintiff's medical treatment includes charges for which no one is obligated to pay.

The Parties spend much of their time discussing whether the affidavits filed by Defendant amount to counter-affidavits that are sufficient to rebut Plaintiff's affidavits. The Court does not believe that this dispute is material. Regardless of whether Defendant's affidavits are adequate to counter Plaintiff's affidavits, they contain information that is relevant to determining the value of Plaintiff's medical treatment, as set forth in Mo. Rev. Stat. § 490.715.5(2).

Thus, the Court finds that the "dollar amount necessary to satisfy the financial obligation to the health care provider" is $13,813.01. As a result, the Court will grant Defendant's Motion in Limine to Limit the Amount of Medical Bills Submitted as Damages at Trial [doc. #50] and will deny Plaintiff's Motion in Limine to Exclude Evidence of Payment of any Portion of Plaintiff's Medical Bills by a Collateral Source and for Determination of Value of Medical Treatment [doc. #41].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Subsequent Injury [doc. #35] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Lawsuits [doc. #36] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Social Security Proceedings and Benefits [doc. #37] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of any Settlement Offers, Demands and the Transcription of Contacts Between Plaintiff and

Defendant's Third Party Claims Administrator [doc. #38] is **GRANTED**, **in part**, and **DENIED**, **in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Photographs and Testimony Regarding Photograph [doc. #39] is **GRANTED**, **in part**, and **DENIED**, **in part**.

**IT IS FURTHER ORDERED** that Defendant's Motions in Limine [doc. #49] are **GRANTED**, **in part**, and **DENIED**, **in part**, as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Payment of Any Portion of Plaintiff's Medical Bills by a Collateral Source and for Determination of Value of Medical Treatment [doc. #41] is **DENIED**, and Defendant's Motion in Limine to Limit the Amount of Medical Bills Submitted as Damages at Trial [doc. #50] is **GRANTED**.

Dated this 27th Day of April, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE